IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOY GAMBINO WRAY,

    Plaintiff,

v().                                        CASE NO. 1:17-cv-263-MW-GRJ

DEPT. OF CHILDREN AND
FAMILY SERVICES, et al.,

    Defendants.
_____/

**<u>ORDER AND
REPORT AND RECOMMENDATION</u>**

Plaintiff, proceeding *pro se*, initiated this case by filing a complaint, ECF No. 1, and a motion for leave to proceed as a pauper, ECF No. 5. Leave to proceed as a pauper will be granted for the limited purpose of dismissing this case pursuant to 28 U.S.C § 1915(e) for failure to state a claim upon which relief may be granted.

Plaintiff names as defendants the Department of Children and Families; Stephen Pennypacker, the CEO of the Partnership for Strong Families; and Tina Forrest, an investigator with the Child Protective Service. Plaintiff alleges that beginning in 1983, when she was about five years old, she was removed from her parents' home by Child Protective

Services (CPS). She was placed in a foster home where she was abused. She was eventually placed in her grandparents' custody, but she suffered additional abuse there. After five years, she was placed with an aunt who also abused Plaintiff. Plaintiff alleges that her first child was born in 1999, and shortly after she was harrassed and stalked by CPS. In 2001, her child was removed from her custody and was abused in a foster home. ECF No. 1 at 6-11.

Plaintiff explains that beginning in 2008 she was acquainted with Casey Marie Anthony and assisted in the search for Anthony's missing daughter, Caylee. Anthony's lawyer was going to use Plaintiff as a trial witness, but did not place Plaintiff in a witness protection program and in 2011 someone put a "hit" on Plaintiff. She was injured in a car accident and in a coma for a period of time. *Id*.

Plaintiff alleges that at the current time she has been stalked and threatened by a CPS caseworker. Plaintiff alleges that defendants have engaged in (1) false imprisonment; (2) negligence; (3) tortious interference with parent and child relationships; (4) respondeat superior; (5) negligence/failure to train; (6) intentional infliction of emotional distress; (7) slander; and (8) harassment. Plaintiff seeks to have a new law passed to

reform CPS, an award of "millions" in damages to Plaintiff and her children, and for her children to be returned. ECF No. 1.

Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C § 1915(e). The Court must liberally construe a *pro se* Plaintiff's allegations. *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))*.*

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes. *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986). A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the complaint. *See Taylor v. Appleton*, 30 F.3rd 1365, 1367 (11th Cir. 1994).

To the extent that Plaintiff is attempting to assert a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived her of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). The plaintiff must allege facts showing an affirmative causal connection between each specific defendant's conduct and the alleged deprivation of her constitutional rights. *Zatler v. Wainwright,* 802 F. 2d 397, 401 (11th Cir. 1986). If a plaintiff cannot satisfy these requirements, or fails to provide factual allegations in support of her claim, the complaint is subject to dismissal. *Id.* at 737-38.

Plaintiff alleges no cognizable federal cause of action in the Complaint. It is clear that Plaintiff's claims stem from ongoing state child custody proceedings. Plaintiff has alleged no facts suggesting that any defendant has violated any of Plaintiff's federal constitutional rights. All of the claims alleged by Plaintiff are state tort claims over which this Court does not have jurisdiction.

Moreover, to the extent that Plaintiff seeks any relief in connection with past actions involving her own childhood custody issues, her claims

are barred by the applicable statute of limitations even if she asserted a cognizable § 1983 claim. A federal § 1983 claim is governed by the forum state's statute of limitations. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." *Burton*, 178 F.3d at 1188, *citing Baker v. Gulf & Western Indus., Inc.*, 850 F.2d 1480, 1483 (11th Cir.1988). Although the length of the limitations period is determined by state law, when a § 1983 action accrues is a question of federal law. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited therein). The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury. *Id.* Thus, to the extent that Plaintiff attempts to assert claims stemming from her own custody issues in the 1980's and 1990's, those claims are plainly time-barred.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178,

182 (1962), leave to amend "should be freely given." See Fed.R.Civ.P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. *Foman*, 371 U.S. at 182. Under the facts presented, the Court concludes that amendment of the Complaint would be futile because amendment would not cure the deficiency regarding the lack of any factual basis for the exercise of federal subject matter jurisdiction pursuant to section 1983.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, ECF No. 5, is **GRANTED**.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for lack of subject matter jurisdiction and failure to state a claim.

**IN CHAMBERS** in Gainesville, Florida, on the 13th day of December 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A**

**copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.